UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
SHANGMING LU                  :   Civil No. 3:19CV02017(SALM)
                              :
v.                            :
                              :
DIAMOND NAIL SALON, LLC,      :
et al.                        :   March 28, 2022
                              :
------------------------------X
```

## ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT

On December 29, 2019, plaintiffs Shangming Lu ("Lu") and Maria Olga Lliguicota ("Lliguicota") filed a complaint alleging violations of the Fair Labor Standards Act ("FLSA") on their own behalfs, and on behalf of others similarly situated. See generally Doc. #1. Plaintiffs were represented by counsel. An Amended Complaint was filed on December 29, 2020. See Doc. #37. On that same date, plaintiffs filed a motion for conditional certification of a collective pursuant to the FLSA. See Doc. #38.

While plaintiffs' Motion for Conditional Collective Certification was pending, on April 14, 2021, plaintiff Lu filed a Notice of Pro Se Appearance. See Doc. #63. The Notice attached a statement from Lu asserting that he had "accepted a satisfactory offer from the defendant 1, 2, 3, and 4[]" for the amount of $35,000. Id. at 2. Shortly thereafter, defendants filed a motion seeking to enforce that settlement. See Doc. #68.

1

That motion was denied, without prejudice, because the parties had failed to provide adequate information to permit the Court to determine whether the settlement should be approved. See Doc. #76. Now before the Court is a renewed motion by Lu and defendants for approval of the settlement agreement.

For the reasons set forth herein, the Court **GRANTS** the motion for approval of the settlement [**Doc. #150**]. The Settlement Agreement [**Doc. #150-3**] is **APPROVED,** the stipulation of dismissal [**Doc. #150-2**] is **ACCEPTED,** and plaintiff Shangming Lu's claims against all defendants are **DISMISSED, with prejudice**. All counterclaims against Lu are also **DISMISSED, with prejudice**.

I. **Applicable Law**

The Second Circuit has resolved the question of "whether parties may settle FLSA claims with prejudice, without court approval or [Department of Labor ("DOL")] supervision, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 201 (2d Cir. 2015) (footnote omitted). The Second Circuit has determined that court or DOL approval is required:

> Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring

2

>  to all our able-bodied working men and women a fair day's
> pay for a fair day's work."

Id. at 206 (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)). This Court therefore must review a settlement agreement to determine whether it is fair in light of the particular circumstances of the case and in light of the remedial purposes of the FLSA:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

A court may approve an FLSA settlement reached as a result of contested litigation if it determines that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); see also Aros v. United Rentals, Inc., No. 3:10CV00073(JCH) and related cases, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012).

## II. **Discussion**

This case is highly unusual. The circumstances of this settlement present certain concerns for the Court, but in the final analysis, those concerns do not implicate the policy reasons behind the FLSA and the approval of settlements under that law. In light of all of the circumstances, and most particularly in light of plaintiff Lu's clear and repeated affirmations that he agrees with the settlement, and does not wish to pursue this matter further, the Court finds that approval is appropriate. In reaching this decision, the Court has carefully considered the purposes of requiring approval of FLSA settlement agreements, and the underlying purposes of the FLSA itself, and finds that the remedial purposes of the Act are not hindered or undermined by the proposed settlement.

The Court finds that the Settlement Agreement is fair and reasonable and satisfies the requirements for settlement approval under federal law as summarized in Wolinsky. (1) The proposed settlement amount is reasonable in light of plaintiff's range of possible recovery. The Court observes that plaintiff Lu claimed a total of approximately $31,000 in unpaid wages in connection with his motion for prejudgment remedy. See Doc. #11-9 at 1. The $35,000 settlement thus exceeded his total claim for

unpaid wages.[1] (2) The agreement was reached prior to the parties engaging in extensive discovery; no motions for summary judgment had been filed, enabling the parties to avoid substantial expense in pursuing their claims and defenses. (3) There were significant factual disputes presenting litigation risks to both parties. (4) The Settlement Agreement was the product of arm's-length bargaining. Although plaintiff Lu was not represented by counsel in the settlement negotiations, he had the benefit of the advice of experienced counsel for more than a year before he entered into the agreement. Counsel surely advised him regarding the strengths and weaknesses of his claims, and of the risks of proceeding with litigation.[2] (5) The Court sees no evidence of fraud or collusion.

The original agreement between plaintiff Lu and the defendants was entered into in February 2021. That agreement states: "Plaintiff1, Lu, Shangming, agrees to the confidentiality of this agreement." Doc. #150-3 at 1 (sic). "Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies. As such, courts

---

[1] Plaintiff Lu also sought liquidated damages and prejudgment interest. See id.

[2] Notably, plaintiff's counsel does not oppose approval of the Settlement Agreement, and raises no claim that the agreement is fundamentally unfair to plaintiff Lu.

in this Circuit have declined to approve settlement agreements containing broad confidentiality provisions." Snead v. Interim HealthCare of Rochester, Inc., 286 F. Supp. 3d 546, 554 (W.D.N.Y. 2018) (citations and quotation marks omitted). Ordinarily, the Court would not approve an FLSA settlement agreement with a confidentiality provision.

The confidentiality provision in this agreement has effectively been abandoned, however, because the agreement has now been publicly docketed. Furthermore, the confidentiality provision is unenforceable. See, e.g., Klich v. Klimczak, No. 21CV04812(BMC), 2021 WL 5353401, at *2 (E.D.N.Y. Nov. 16, 2021) (noting that "confidentiality clauses in FLSA settlement agreements are generally not enforceable"). Thus, the Court does not find that the inclusion of the now toothless and unenforceable confidentiality provision in this agreement requires rejection of the agreement, in light of all the circumstances.

The reason that court approval of FLSA settlements is required is to ensure that the court system protects "the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks, 796 F.3d at 207. This settlement, which resulted in payment to plaintiff Lu of more than his claimed lost wages, at an early stage of the

litigation, serves that purpose. This settlement was the result of contested litigation, presenting significant risks to all parties. The terms of the agreement are reasonable in light of the scope of the claims resolved. There is no evidence to suggest that the settlement was fraudulently obtained. Accordingly, approval of the Settlement Agreement, as informed by the understanding that the confidentiality provision is unenforceable, is appropriate. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) ("If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved.").

The Court notes that the question of appropriate attorneys' fees and costs has yet to be determined in this matter. "The FLSA provides for 'reasonable' attorneys' fees." Aros, 2012 WL 3060470, at *4 (citing 29 U.S.C. §216(b)).

> The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined. Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. Where the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees.

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citations and quotation marks omitted). "[T]here is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice,

7

implement such a limit." Fisher v. SD Prot. Inc., 948 F.3d 593, 603 (2d Cir. 2020). Rather, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Farrar v. Hobby, 506 U.S. 103, 114 (1992) (citation and quotation marks omitted).

The Settlement Agreement makes no provision for payment to plaintiff Lu's former counsel. Counsel have filed a motion for a charging lien against plaintiff Lu's recovery under the settlement. See Doc. #165. The Court will review that motion separately, taking into account the nature and amount of the settlement obtained by plaintiff Lu, the role of counsel in securing that settlement, and the need for the fees awarded to be reasonable.

Finally, the Court notes that the Settlement Agreement provided to the Court is limited on its face to the following defendants: Elaine Ying Bao; Guibiao Qi, Greenwich Nails & Spa, LLC, and Greenwich Diamond Nails & Spa Inc. See Doc. #150-3 at 1. The docket reflects that defendant Jose F. Rojas remains a named party, as does defendant Diamond Nail Salon, LLC. See Doc. #37 (operative complaint, filed December 29, 2020). Plaintiff Shangming Lu filed a notice confirming that he intends to release all claims against defendant Diamond Nail Salon, LLC. See Doc. #153. No such notice has been filed as to defendant Jose F. Rojas. However, it is clear to the Court that Shangming

Lu does not intend to pursue whatever claims he may have had against defendant Rojas. Accordingly, the Court finds that plaintiff Lu's claims against defendants Diamond Nail Salon, LLC and Jose F. Rojas have been **WITHDRAWN**.

### III. Conclusion

Accordingly, for the reasons stated, the Court **GRANTS** the motion for approval of the settlement between plaintiff Lu and defendants Elaine Ying Bao; Guibiao Qi, Greenwich Nails & Spa, LLC, and Greenwich Diamond Nails & Spa Inc. [Doc. #150]. The Court further finds that all claims by plaintiff Lu against defendants Diamond Nail Salon, LLC and Jose F. Rojas have been **WITHDRAWN**.

Plaintiff Lu's claims against all defendants are **DISMISSED, with prejudice**. All counterclaims by the named defendants against Plaintiff Lu are **DISMISSED, with prejudice**.

It is so ordered this 28th day of March, 2022, at New Haven, Connecticut.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE