```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------X
                              :
MARIA OLGA LLIGUICOTA         :   Civil No. 3:19CV02017(SALM)
                              :
v.                            :
                              :
DIAMOND NAIL SALON, LLC,      :   August 19, 2022
et al.                        :
                              :
------------------------------X
```

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. #180]**

Defendants have filed a Motion for Judgment on the Pleadings [Doc. #180]. Plaintiff has filed a memorandum in opposition to the Motion [Doc. #187]. For the reasons stated herein, the Motion for Judgment on the Pleadings [**Doc. #180**] is **DENIED.**

**I.   Background**

Shangming Lu and Maria Olga Lliguicota have filed two separate actions in this Court asserting violations of the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA"). See Doc. #1; see also Lu et al. v. Diamond Nail & Spa CT Inc. et al., 3:21CV01073(SALM), Doc. #1 (D. Conn. Aug. 9, 2021) (the "2021 Action"). Because both actions are discussed in the pending motion, the Court reviews certain aspects of the procedural histories of both actions.

1

### A.   The 2019 Action

Shangming Lu and Maria Olga Lliguicota filed this action on December 29, 2019. See Doc. #1. The original Complaint named Diamond Nail Salon, LLC, Gui Biao Qi, Elaine Bao, and Jose Rojas as defendants. See id.

Plaintiffs filed an Amended Complaint on December 29, 2020. See Doc. #37. The Amended Complaint maintains claims against all defendants named in the original Complaint, and names Greenwich Nails & Spa, LLC, and Greenwich Diamond Nails & Spa Inc. as additional defendants in this action. See id. Lu asserted claims for violations of the FLSA and CMWA from December 1, 2016, through March 16, 2020. See id. at 9. Plaintiff Lliguicota asserted claims for violations of the FLSA and CMWA from January 1, 2012, through October 3, 2019. See id. at 10.

Shangming Lu, who had previously been represented by counsel in this action, filed a Notice of Pro Se Appearance on April 14, 2021. See Doc. #63. The Notice attached a statement from Lu asserting that he had "accepted a satisfactory offer from the defendant 1, 2, 3, and 4[]" for the amount of $35,000. Id. at 2. Shortly thereafter, defendants filed a motion seeking to enforce that settlement. See Doc. #68. Judge Victor A. Bolden, then the presiding judge in this action, denied the motion, without prejudice, because the parties had failed to

provide adequate information to permit the Court to determine whether the settlement should be approved. See Doc. #76.

This action was transferred to the undersigned on December 28, 2021. See Doc. #128.

Lu and defendants in this action filed a renewed motion for approval of the settlement agreement on February 14, 2022. See Doc. #150. On March 28, 2022, the Court entered an Order approving the settlement, and ordering: "Plaintiff Lu's claims against all defendants are **DISMISSED, with prejudice**." Doc. #170 at 9.

While the Court approved the settlement of Lu's claims, plaintiff Lliguicota unequivocally expressed her desire to continue litigating this action at a conference with the Court on April 19, 2022. See Doc. #179.

Defendants filed the instant Motion for Judgment on the Pleadings on May 13, 2022. See Doc. #180.

**B.   The 2021 Action**

Lu and Lliguicota filed the 2021 Action on August 9, 2021. See 2021 Action, Doc. #1. The complaint names Diamond Nail & Spa CT Inc., Yan Zhi Liu, and Yue Zhu Chen as defendants. See id.[1] Lu seeks to hold these defendants liable under a theory of

---

[1] Plaintiffs originally also named Michelle Doe as a defendant. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), the Court terminated Michelle Doe as a defendant after plaintiffs filed a Notice of Voluntary Dismissal of all claims against defendant Doe. See 2021 Action, Doc. #36; 2021 Action, Doc. #40.

3

successor liability for violations of the FLSA and CMWA from December 1, 2016, through March 16, 2020. See id. at 11. Plaintiff Lliguicota asserts that the defendants in the 2021 Action are liable under a theory of successor liability for violations of the FLSA and CMWA from January 1, 2012, through October 3, 2019. See id. at 14.

The 2021 Action was transferred to the undersigned on January 21, 2022. See 2021 Action, Doc. #32.

On April 26, 2022, upon motion from plaintiffs, the Court entered default against Diamond Nail & Spa CT Inc. See 2021 Action, Doc. #43. On May 11, 2022, counsel appeared on behalf of Diamond Nail & Spa CT Inc., see 2021 Action, Doc. #44, and filed a Motion to Set Aside Default, see 2021 Action, Doc. #45. The Court granted Diamond Nail & Spa CT Inc.'s Motion to Set Aside Default on August 19, 2022. See 2021 Action, Doc. #71.

On May 23, 2022, while Diamond Nail & Spa CT Inc.'s Motion to Set Aside Default remained pending, Diamond Nail & Spa CT Inc. filed a Motion to Dismiss. See 2021 Action, Doc. #48. The Court denied Diamond Nail & Spa CT Inc.'s Motion to Dismiss on August 19, 2022. See 2021 Action, Doc. #72.

## II.  **Legal Standard**

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."

4

> On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case. A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.

L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (citations and quotation marks omitted).

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). As such, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the non-movant's] favor. ... To survive a Rule 12(c) motion, [the] 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Johnson v. Rowley, 569 F.3d 40, 43-44 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### III. Discussion

Defendants have filed a Motion for Judgment on the Pleadings, arguing that: (1) this matter is moot because "the Plaintiffs emphatically stated that the liability of the Defendants here has been inherited by someone else -- specifically the defendants in the Second Action[,]" Doc. #180 at 5; and (2) "the judicial admissions of the Plaintiffs in

5

their pleading in the Second Action admit that they did not summons the necessary parties in [this action.]" Id. at 4. Both arguments fail.

### A. Mootness

Defendants assert that this matter is moot because "the Plaintiffs emphatically stated that the liability of the Defendants here has been inherited by someone else -- specifically the defendants in the Second Action." Id. at 5.

However, Lliguicota sues the defendants in the 2021 Action under a theory of successor liability. See 2021 Action, Doc. #1. A predecessor and successor employer may be held jointly and severally liable under the FLSA and CMWA. See Pareja v. 184 Food Corp., No. 1:18CV05887(JPO)(SDA), 2021 WL 3109621, at *13 n.14 (S.D.N.Y. July 22, 2021), report and recommendation adopted sub nom. Pareja v. Food Corp., 2021 WL 3501229 (S.D.N.Y. Aug. 9, 2021) ("[L]iability against the [successor] Defendants and the [predecessor] Defendants is joint and several."); Conn. Gen. Stat. §31-71a(1); Morales v. Gourmet Heaven, Inc., No. 3:14CV01333(VLB), 2015 WL 3869419, at *3 (D. Conn. June 23, 2015) (holding multiple defendants jointly and severally liable under the CMWA). Thus, the mere fact that plaintiff has filed a separate action against additional defendants does not render this action moot, because the defendants in this case may still

6

be held individually liable for violations of the FLSA and CMWA. Judgment on the pleadings is not warranted on this basis.

## B.   Failure to Join a Necessary Party

Defendants next assert that this matter should be dismissed for "fail[ure] to join or properly identify one or more necessary parties to this Action," because Lliguicota did not name the defendants in the 2021 Action in this case. Doc. #180 at 4. The Court construes this argument to assert that plaintiff has failed to comply with Rule 19 of the Federal Rules of Civil Procedure.

Rule 19 provides, in relevant part:

> A person ... must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) the person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Rule 19(a) does not mandate joinder in this instance because the Court can "accord complete relief among existing parties" to this action. Fed. R. Civ. P. 19(a)(1)(A).[2] The mere fact that the defendants in this action and the 2021 Action may

---

[2] Fed. R. Civ. P. 19(a)(1)(B) does not apply here because there is no non-party that "claims an interest relating to the subject of the action[.]" Fed. R. Civ. P. 19(a)(1)(B).

7

ultimately be held jointly and severally liable for the claims raised here does not mandate joinder. See Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). Rather, "the Court can accord complete relief among existing parties[]" because the defendants in this action each may be held individually liable under the FLSA and CMWA. Rahman v. Shiv Darshan, Inc., No. 12CV03457(ILG)(CLP), 2013 WL 654189, at *5 (E.D.N.Y. Feb. 22, 2013); see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 385 (2d Cir. 2006) (Rule 19(a) "is concerned only with those who are already parties."). Because the Court can afford complete relief among the existing parties without joinder of the defendants in the 2021 Action, the Court finds that dismissal for failure to join a necessary party is not warranted.

## IV. Conclusion

Thus, for the reasons stated, defendants' Motion for Judgment on the Pleadings [**Doc. #180**] is **DENIED**.

It is so ordered this 19th day of August, 2022, at Bridgeport, Connecticut.

                                                      /s/
                                       HON. SARAH A. L. MERRIAM
                                       UNITED STATES DISTRICT JUDGE