UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA OLGA LLIGUICOTA,<br>*Plaintiff*,<br><br>v.<br><br>DIAMOND NAIL SALON, LLC., et al.,<br>*Defendants*. | No. 3:19-cv-02017 (VAB) |

**RULING AND ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS**

Maria Olga Lliguicota ("Plaintiff"), having prevailed at trial, moves for attorney's fees and costs for her counsel, Troy Law, PLLC ("Troy Law"), in this Fair Labor Standards Act ("FLSA") action.

For the following reasons, Troy Law's Motion for Attorneys' Fees and Costs is **GRANTED in part**.

I.      **Factual and Procedural Background**

The Court assumes familiarity with the facts of the case and will only summarize the facts relevant to the issue of attorneys' fees.

Troy Law represented Lliguicota and Shangming Lu in a FLSA class action against the employer Diamond Nail Salon, LLC ("Defendant"). *See* Complaint, ECF No. 1 (Dec. 29, 2019). On or around April 14, 2021, the defendant attempted to enter into a settlement with Lu without Troy Law's knowledge. *See* Notice of *Pro Se* Appearance by Shangming Lu, ECF No. 63 (Apr. 14, 2021).

1

On May 11, 2021, Defendants filed a motion seeking to enforce that settlement. Plaintiff's counsel filed an opposition to this motion on June 1, 2021. *See* Motion for Settlement, ECF No. 68 (May 11, 2021).

On June 6, 2021, Plaintiff's counsel filed a motion to withdraw as to Lu. *See* Motion to Withdraw Except for Purposes of Fee Resolution and Setting a Charging Lien as to Plaintiff Shangming Lu, ECF No. 70 (June 2, 2021). On February 2, 2022, the Court granted, in part, the motion the withdraw. *See* Order, ECF No. 145 (Feb. 2, 2022).

After initially denying the motion to approve settlement, *see* Order, ECF No. 72 (June 18, 2021), then U.S. District Judge Sarah A.L. Merriam approved the settlement as to Lu's claims on March 28, 2022. *See* Order, ECF No. 170 (Mar. 28, 2022).

Lliguicota proceeded to a jury trial on her claims, one held in March 2023. *See* Minute Entry, ECF No. 243 (Mar. 20, 2023); Minute Entry, ECF No. 244 (Mar. 21, 2023).

The jury returned a verdict in favor of the plaintiff, *see* Jury Verdict, ECF No. 247 (Mar. 22, 2023), and judgement was entered in the amount of $29,977.80 for Lliguicota. *See* Judgement entered in favor of Maria Olga Lliguicota, ECF No. 250 (Mar. 23, 2023).

On April 5, 2023, Plaintiff moved for Attorney Fees and Costs requesting a total for $77,974.83 in fees and costs. *See* Motion for Attorney Fees and Costs, ECF No. 256 (Apr. 5, 2023); Affidavit re Motion for Attorney Fees and Costs, ECF No. 257 (Apr. 5, 2023) ("Decl."); Memorandum in Support, ECF No. 258 (Apr. 5, 2023) ("Mem.").

On April 19, 2023, Defendant filed their objection. See Objection re Motion for Cost and Fee, ECF No. 260 (Apr. 19, 2023) ("Obj.").

## II.     DISCUSSION

### A. Entitlement to Attorneys' Fees and Costs

Under the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"), successful plaintiffs are entitled to recover "reasonable" attorneys' fees. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); Conn. Gen. Stat. §§ 31-68 ("employee shall recover, in a civil action, [. . .] costs and such reasonable attorney's fees as may be allowed by the court").

Connecticut courts define the "prevailing party" as the one in whose favor the judgement is entered. *Russell v. Russell*, 882 A.2d 98, 107 (Conn. 2005) ("Our Supreme Court and this court [. . .] repeatedly have cited favorably the following definition of a prevailing party: '[A] party in whose favor a judgment is rendered, regardless of the amount of damages awarded'") (quoting *Frillici v. Westport*, 823 A.2d 1172, 1184 (Conn. 2003); *Wallerstein v. Stew Leonard's Dairy*, 780 A.2d 916, 919 (Conn. 2001).

Even "if [a] party obtains judgment on even a fraction of the claims advanced, or is awarded only nominal damages, the party may nevertheless be regarded as the 'prevailing party.'" *Simms v. Chaisson*, 890 A.2d 548, 552 (Conn. 2006) (quoting *Russell*, 882 A.2d at 107). The Supreme Court of Connecticut has stated, that "it is difficult to see why one who has secured a judgment of the court in his favor should not be viewed as a party who has prevailed in the action in question, irrespective of the route by which he received that judgment[.]" *Wallerstein*, 780 A.2d at 919.

Here, Plaintiff argues they prevailed at trial when the jury entered a judgement in their favor. *See* Judgement entered in favor of Maria Olga Lliguicota, ECF No. 250 (Mar. 23, 2023).

3

The Court agrees.

Therefore, the Court concludes that plaintiff is the prevailing party and entitled to attorneys' fees and costs.

### B.  Reasonable Amount of Attorneys' Fees and Costs

The Second Circuit modified its traditional "lodestar" approach for a "presumptively reasonable fee" determination. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) ("In *Arbor Hill*,[1] this Court proposed the use of a modified version of the lodestar approach and recommended abandonment of the term 'lodestar' for the alternative term 'presumptively reasonable fee.' In brief, the Court suggested that a district court's efforts to approximate the reasonable fee that a competitive market would bear—the implicit goal of the lodestar approach—would be better served by considering case-specific 'reasonableness' factors earlier in the calculation.") (citation omitted).

In applying the presumptively-reasonable-fee standard; the district court is to multiply the hours reasonably expended by a reasonable hourly rate. *See McDaniel v. Cty. of Schnectady*, 595 F.3d at 417 n.2. To do so, a district court "engage[s] in a four-step process: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Silver v. Law Offices Howard Lee Schiff, P.C.*, No. 3:09-cv-912 (PCD), 2010 WL 5140851, at *1 (D. Conn. Dec. 16, 2010). A district court must also consider the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*, 522 F.3d

---

[1] 522 F.3d 182, 183 (2d Cir. 2008).

4

182, 186 (2d Cir. 2008) (reciting the twelve Johnson factors, including, inter alia, "the time and labor required" and "whether the fee is fixed or contingent").

Plaintiff argues that their application for attorneys' fee is reasonable based upon reasonable hours worked and reasonable hourly rates. Mem. at 2. They argue that the product of their rate and hours is the lodestar and that the lodestar does not need to be proportional to damages recovered. *Id.*

Defendant argues that "the time asserted to be billed is not at all differentiated or distinguished from this matter even though: (a) Lu disavowed their representation years ago, yet they have continued acting in his name without his authority – and with a clear and convincing conflict of interest; and (b) they obtained judgment precluding his claims made in his name in the Second Action, which they have not yet withdrawn." Obj. ¶ 2. They claim that since the settlement on June 6, 2021, time billed for Lu should not be credited, and yet Troy Law's billing does not "differentiate which sums of time were spend prosecuting the interests of Client Lliguicota or purported Client Lu." *Id.* ¶ 3. They argue that awarding the requested fees will double compensate Troy Law. *Id.* ¶ 6. They also argue that in moving for fees, Troy Law "seeks to undo the settlement agreement" from June 6, 2021 on Lu's claims. *Id.* Finally, they claim that since the total award of judgement was $29,977.80, Troy Law is only entitled to "[a] third of that, the limit imposed by CGS §52-251, [which is] $9992.60, which is far less than the $77,974.83 requested by Counsel, an amount that is almost eight times the limit imposed by State Law." *Id.* ¶ 8.

The Court disagrees.

As an initial matter, Connecticut State Law does not impose the limit that Defendants claim; the statute they cite governs actions involving wills or trusts.[2]

Troy Law continued to represent Lliguicota after Lu filed a Notice of Pro Se appearance on April 14, 2021, in which Lu stated that he had accepted an offer from the Defendant. Notice, ECF No. 63. Troy Law went on to represent Lliguicota after Lu settled, proceeded to trial, and secured a jury verdict and judgement in favor of the plaintiffs. Therefore, the Court concludes that Troy Law is entitled to fees and costs after April 14, 2021, because all the work they did after that date was work for Lliguicota alone.[3]

To determine reasonable rates, the Court has reviewed attorneys' fees awarded in this District for other FLSA cases. *See Howell v. Yale Univ.*, No. 3:22-CV-01160 (JCH), 2023 WL 4564409, at *3 (D. Conn. July 17, 2023) (awarding $300 for a partner and $200 for a first-year associate and finding that "Courts in this district generally approve hourly rates between $300 and $400 for experienced partner-level attorneys in non-complex commercial cases") (citing *Faniel v. PAFY, Inc*., No. 3:20-cv-387 (VLB) (TOF), 2022 WL 1212813, at *8 (D. Conn. Feb. 14, 2022); *Tahirou v. New Horizon Enterps., LLC*, No. 3:20-cv-281 (SVN) (TOF), 2022 WL 510044, at *8 (D. Conn. Feb. 21, 2022); *Shea v. Sieunarine*, No. 3:21-cv-673 (JCH) (TOF), 2022 WL 3359155, at *4 (D. Conn. Aug. 15, 2022)); *Wei v. Sichuan Pepper, Inc*., No. 3:19-CV-00525 (JBA), 2022 WL 385226, at *20 (D. Conn. Jan. 17, 2022), *report and recommendation adopted sub nom. Wei v. Sichuan Pepper*, No. 3:19-CV-525 (JBA), 2022 WL 382019 (D. Conn. Feb. 7,

---

[2] Defendants cite Conn. Gen. Stat. § 52-251, which states: "In any action brought to a court of equitable jurisdiction for the construction of a will or for the advice of the court as to the administration of an estate or trust under a will or trust instrument, by any person acting in a fiduciary capacity thereunder, there shall be allowed to each of the parties to the proceeding such reasonable sum for expenses and counsel fees as the court, in its discretion, deems equitable."
[3] Troy Law was awarded fees in an order on a motion for charging lien against Lu in the amount of $14,500.53. *See* Order on Motion for Charging Lien, ECF No. 225 (Sept. 29, 2022). This amount was what the Court previously determined Troy Law was to be compensated for work done on Lu's behalf. As this compensates Troy Law for the work done on Lu's behalf, the Court will only now award fees and costs for the work done on Lliguicota's behalf.

2022) (awarding Troy Law $35,918.40 in total attorneys' fees, with John Troy's rate at $375 per hour, Aaron Schweitzer at $175 per hour, Tiffany Troy (paralegal at the time) at $140 per hour, and Preethi Kilaru at $140 per hour); *Culpepper v. Bank of Am., Nat'l Ass'n*, No. 3:17-CV-264 (VAB), 2019 WL 13171053, at *5 (D. Conn. Dec. 23, 2019) ("Courts in this District have routinely awarded attorneys' fees in FLSA cases around $300–$350 per hour.") *Gwendoline Aboah & Tania Stewart v. Fairfield Healthcare Services, Inc.,* No. 3:20-CV-00763 (SVN), 2023 WL 8807362, at *3 (D. Conn. Dec. 20, 2023) (awarding $400 for a partner, $225 for a senior associate, and $140 for a paralegal).

Accordingly, the Court determines that Managing Attorney John Troy's rate will be reduced from the requested $650 to $400; Managing Associate Aaron Schweitzer's rate will be reduced from the requested $400 to $225; Managing Clerk Preethi Kilaru's rate will be reduced from the requested $200 to $140; and Associate Tiffany Troy's rate will be reduced from the requested $250 to $200.[4]

As referenced above, the Court concludes that Troy Law should be compensated for hours billed after Plaintiff Lu filed a Notice of Pro Se appearance on April 14, 2021. While Troy Law has requested attorneys' fees for a total of 275 hours,[5] the Court calculates that since April

---

[4] In reducing the hourly rates sought by counsel for Llinguicota, the Court is mindful that this law firm sought out-of-state rates, rates which, based on their filing, have been awarded outside of this District. The Court considered applying these out-of-state rates in light of the language barriers posed in representing Ms. Llinguicota, barriers overcome through the firm's particular expertise. *See* Decl. ¶¶ 55–57. Nevertheless, on this record, such an award could not be justified. *See Simmons v. New York City Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009) (concluding that in order to receive an attorneys' fee award based on higher out-of-district rates, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result."). But the Court does not rule out in future cases applying such rates, or breaking from this District's standing tradition of limiting rates in these cases to the $300–$400 hourly rate range.

[5] Troy Law has requested that a percent of their hours be billed at full rates and that the rest be billed at half rates, which is how they account for avoiding double compensation after Lu's withdrawal and settlement with their continued representation of Lliguicota alone. Decl. ¶ 60. As discussed, however, this Court will instead grant attorneys' fees billed at full rates (but reduced from the requested rates) and not at half rates but only for hours billed after Lu first attempted to settle with the Defendant.

14, 2021, Troy Law spent a total of 172.3 hours on this matter. The below charts summarize the total amounts.

**Attorney John Troy, Managing Attorney**

| Total Requested Fees | Total hours billed | Hours billed after 4/14/21 only | Reasonable Rate | Product for hours after 4/14/21 only | Amount Owed |
|---|---|---|---|---|---|
| $38,850 | 92.64 | 49.75 | $650 reduced to $400 | $32,337.50 for full rate reduced to $19,900 at reduced rate | **$19,900.00** |

**Attorney Aaron Schweitzer, Managing Associate**

| Total Requested Fees | Total hours billed | Hours billed after 4/14/21 only | Reasonable Rate | Product for hours after 4/14/21 only | Amount Owed |
|---|---|---|---|---|---|
| $34,123 | 123.45 | 78.79 | $400 reduced to $225 | $31,516 reduced to $17,727.75 at reduced rate | **$17,727.75** |

**Preethi Kilaru, Managing Clerk**

| Total Requested Fees | Total hours billed | Hours billed after 4/14/21 only | Reasonable Rate | Product for hours after 4/14/21 only | Amount Owed |
|---|---|---|---|---|---|
| $4,930.33 | 39.22 | 23.77 | $200 reduced to $140 | $4754 reduced to $3,327.80 at reduced rate | **$3,327.80** |

**Attorney Tiffany Troy, Associate**

| Total Requested Fees | Total hours billed | Hours billed after 4/14/21 only | Reasonable Rate | Product for hours after 4/14/21 only | Amount Owed |
|---|---|---|---|---|---|
| $3,631.50 | 19.99 | 19.99 | $250 reduced to $200 | $4,997.50 reduced to $3,998 at reduced rate | **$3,998.00** |

In sum, a total amount of **$44,953.55** is owed for attorneys' fees.

Additionally, Troy Law requests a total of $1,923.55 in costs. Only $980.05 of this amount, however, was billed after April 14, 2021. Thus, the Court will award **$980.05** in costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED in part**. The Court will award **$45,933.60** in attorneys' fees and costs.

**SO ORDERED** at New Haven, Connecticut, this 5th day of January, 2024.

    /s/ Victor A. Bolden

Victor A. Bolden

United States District Judge

9